## THEO. HAMM BREWING CO. v. WIGGAM.

Mere authority to lease premises and collect the rents therefor does not include authority to accept a surrender of the lease.

Termination of the lessee's liability under the lease for rent is an affirmative defense to an action for rent, as to which he has the burden of proof.

From mere authority to rent premises and collect the rentals, authority to consent to a sublease, under the provision of the lease that the lessee should not sublet without express consent of the lessor, cannot be presumed.

Admission, in an action against a lessee for rentals, in which the defense was acceptance of a surrender, of evidence of requests of the lessee made to and refused by Y., agent of the lessor, to be permitted to sublet to certain unobjectionable persons, was prejudical error (especially in view of improper argument of counsel to the jury of a selfish and personal motive of Y.), there having been no evidence of Y.'s authority to consent to the subletting, while the lease provided there could be none without express consent of the lessor.

Whiting and Haney, JJ., dissenting.

(Opinion filed June 28, 1911.)

Appeal from Circuit Court, Stanley County; Hon. LEVI McGEE, Judge.

Action by the Theo. Hamm Brewing Company against H. L. Wiggam. Judgment for defendant. Plaintiff appeals. Reversed, and new trial granted.

*Gaffy, Stephens & Fuller,* for appellant. *John F. Hughes,* for respondent.

SMITH, P. J. Plaintiff leased to defendant certain real estate in the town of Ft. Pierre, S. D. This action was brought to recover a balance which plaintiff claims to be due as rentals under the lease. Trial was had before a jury, and verdict and judgment entered in favor of the defendant. It stands undisputed that the plaintiff acting through one Yokum, made a written lease of the premises to the defendant for the term of ten months; that defendant entered upon the premises under the lease, retained possession thereof, and paid the rentals for a period of three months, when he vacated the premises, and has refused to pay any further rentals which would have become due under the lease. It is the contention of plaintiff that defendant abandoned the lease, while defendant contends that he surrendered the lease and premises to plaintiff and that plaintiff accepted such surrender, thus terminating the lease and defendant's liability thereon. It is further conceded that if defendant surrendered or attempted to surrender the lease it was to the said Yokum and not otherwise, and it is the contention of plaintiff that Yokum had no authority as agent of plaintiff to accept a surrender and possession of the leased premises. It is undisputed that after defendant left said premises Yokum leased part of the same to other parties. There was some evidence which perhaps might be construed as tending to show that Yokum had an equitable interest in the premises, and by virtue thereof some personal interest in the matter of leasing. But no such issue is presented by the pleadings, and we think this case should be treated as involving only the question of Yokum's agency.

[1] The evidence discloses no authority on the part of Yokum other than to lease the premises and collect the rentals therefor.

It would follow that without proof of further authority, Yokum was not authorized to bind the plaintiff by accepting a surrender.

[2] The termination of defendant's liability under the lease is an affirmative defense, and the burden of proof rests upon defendant. It is not clear that the evidence in the record is sufficient to sustain this burden on the part of defendant. But for reasons hereinafter stated we deem it unnecessary to pass upon the sufficiency of the evidence. An issue of fact as to surrender and acceptance was submitted to the jury under instructions presumed to be correct, and for the purposes of this case we shall assume, without deciding, that there was sufficient evidence to warrant a submission of that issue to the jury.

[3] Appellant further assigns as error certain rulings of the trial court admitting evidence over plaintiff's objection, as to defendant's opportunities for subleasing parts of the premises, and his request to Yokum to be allowed to sublet the same. The lease itself contained a provision under which defendant covenanted not to sublet without express consent of the plaintiff. It is not clear upon what possible theory this evidence was received or permitted by the trial court. If it be assumed that Yokum had authority to sign the original lease, and to collect rentals, it cannot be presumed he had authority to approve proposed tenants under a sublease and to consent thereto on behalf of plaintiff. The burden of proving such authority was upon defendant precisely to the same extent as it was to prove authority of Yokum to accept a surrender of the lease, and there is not in the entire record a scintilla of evidence tending to show that Yokum had authority to consent to a sublease.

[4] Defendant, however, was permitted to show over proper ojections, transactions between himself and Yokum with reference to subleasing, and in that connection to show that he could have sublet to various persons at a rental which would have been profitable to him and would have enabled him to go on with the lease, and that the proposed tenants were reputable and unobjectionable in every way, but that Yokum refused defendant permission to sublet. The inference which a jury would naturally

draw from this evidence would be that Yokum's conduct was unreasonable, arbitrary, and injurious to the defendant as a tenant and would justify him in attempting to surrender the lease. There was no pretense whatever, that plaintiff, Hamm Brewing Company, had any knowledge, implied or otherwise, of the proposed subletting or of the proposed tenants, and there could be no theory of ratification of Yokum's acts in that connection. The only theory on which defendant could have been permitted to offer this class of evidence must have been that defendant had the right to apply to Yokum as plaintiff's agent for permission to sublet. It is not contended by defendant that he ever applied to plaintiff directly for such permission. The jury might easily have assumed that such authority existed and might have inferred therefrom authority on the part of Yokum to accept a surrender of the lease, especially in view of the unwarranted remarks of defendant's counsel in his argument to the jury, among which was the statement: "There is not any man on this jury of this community but knows Bob Yokum has always treated this building as his building," and, "Mr. Yokum had been conducting a saloon in this building, and this saloon business was always a touchy affair. He had a provision in the lease here forbidding the sale of intoxicating liquors on these premises or conducting a saloon in that building. He has always had that picture before him. He is praying for the time when Ft. Pierre will again become wet and he can again run a saloon there. And he put in the clause there forbidding any one from starting a saloon in there. That is the reason Mr. Yokum was so touchy about subletting to any one else."

A consideration of the somewhat peculiar conditions surrounding this lease makes it apparent that evidence of these transactions between Yokum and the defendant as to subletting, its profitable character to defendant, the terms thereof, the good character of proposed tenants, and Yokum's refusal, together with the remarks of counsel thereon, all taken together, could not have been other than extremely prejudicial to appellant. Objections to this evidence should have been sustained. For this, if for no other reason, the judgment and order of the trial court should be reversed and a new trial granted.

WHITING, J. (dissenting.) Inasmuch as Yokum had undisputed power to rent the premises and did re-rent a part of the same, the law will presume that, as his principal, the plaintiff had notice of such re-rental, which re-rental was negotiated prior to the vacation of the premises by the defendant. Such notice of re-rental was sufficient to put plaintiff upon his inquiry as to why the premises were being rented when there had been given a lease to defendant covering an unexpired period of some eight months. Having this notice which should put plaintiff upon its inquiry, it must be presumed that the plaintiff was advised of the true facts, and, if the defendant did surrender said premises to Yokum as agent of the plaintiff, the plaintiff could not remain silent and allow the leasing of said premises to a third person without by so doing ratifying the acts of its agent and being bound thereby. It therefore became necessary to determine whether or not the defendant abandoned said premises or whether he surrendered the same to the said Yokum. There was some evidence received tending to show that the premises were surrendered to and accepted by Yokum. The charge of the court to the jury is not before us, and it must be presumed that the jury were correctly advised in relation to what was necessary in order to show a surrender of the premises.

The appellant assigns error in the ruling of the trial court admitting evidence concerning defendant's opportunities for subleasing of parts of said premises and requests to Yokum to be allowed to sublease same, and concerning defendant's advising Yokum that, if so allowed to sublease, he would continue to hold the premises under the lease, while otherwise he would be compelled to vacate such premises. Inasmuch as there was a specific provision in the lease under which defendant covenanted not to sublease the same, this evidence was clearly incompetent, but we are unable to see wherein it could have worked any prejudice to the plaintiff by misleading the jury upon the sole question of fact —whether or not there was a surrender of the premises—and, further, it must be presumed that the trial court, in its instructions, properly advised the jury upon this matter.

It is also contended that there was reversible error committed by counsel for defendant in his argument to the jury, and it must be conceded that there were several statements made by counsel that found no support whatever in anything appearing in the record herein, and which statements were improper, but, in view of the fact that the trial court does not seem to have considered these remarks prejudicial to the plaintiff, and, in view of the fact that the trial court, by its instructions may have removed all possible danger of any prejudice resulting from such remarks, we do not think that this court would be justified in reversing the decision of the trial court, although we certainly would have sustained the trial court if it had seen fit to grant a new trial for the reason complained of.

HANEY, J. I think the evidence discloses that Yokum was authorized to accept a surrender of the premises, and that he did so. In other respects, I concur in the foregoing dissenting opinion, and think the judgment of the circuit court should be affirmed.